JOHN A. SHANK & CO. *v*. GEIGER.

[96 .South. 515. No. 23367.]

1. PLEADING: *Plea of non est factum held sufficient.*

A plea of *non est factum* in the following words, to-wit, "Comes the defendant and says that he did not sign the acceptance sued upon and did not authorize any one to sign the same for him and that the same are not his act and deed and of this he puts himself .upon the contrary," duly sworn, to, is sufficient to put the plaintiff to proof of the signing and delivery of the acceptance sued upon.

2. NEW TRIAL. *Not granted for newly dicovered evidence, where issue non est factum and due diligence not shown.*

A new trial will not be granted on the ground of newly discovered evidence, where it is shown that acceptances sued on were bought from a party other than a party to the suit, where the issue is *non est factum* where no effort is made to ascertain the facts from the seller before entering upon trial, it appearing that the facts were promptly furnished upon request after trial.

APPEAL from circuit court of Jones county.

HON. R. S. HALL, Judge.

Action by John A. Shank & Co. against James A. Geiger. From a judgment for defendant, plaintiff appeals. Affirmed.

*J. C. Smith,* for appellant.

Appellee states in his brief that he alleged in his plea of *non est factum* that it was not "his act and deed" and that "imported" they were not delivered by the appellee. Let us refer to his plea at page 14 of the record and see what it was that was "not his act and deed." He alleges that he did not sign the two acceptances so it would seem the "signing" of the two acceptances were the act or acts he refers to as being "not his act and deed." In other words, he does not mention the word "delivered" at all. We find in section 1974, Code 1906 (sec. 1634, Hemingway's Code), that if a pleader undertakes to take advantage of this section of the law he must "specially" deny and verify by oath, etc., the thing or acts he wants to deny. Our Mississippi supreme court has held that the word "specially" in this section of the code cannot be ignored or its observance avoided. See *Thompson* v. *First National Bank,* 37 So. 645. So it follows that appellee could not and did not "import" in his plea that he did not "deliver" the notes sued on.

The appellee contends in his brief that his plea conforms to the requirement of section 1634, Hemingway's Code. On comparison, we find that section 1634, Hemingway's Code, is the same *verbatim* as section 1974, Code 1906. The record discloses that copies of the acceptance or

notes were sued on and the originals introduced as evidence on the trial, and the originals proved all, i. e., the signing and delivery or the whole execution thereof, except the "special" act or thing the appellee alleged in his plea verified by oath that he did not do. The only thing he alleged he did not do was that he did not sign or authorize anyone else to sign for him. We contend that was not a sufficient allegation in his plea to make out a *prima-facie* defense and to put the appellant to proof further than the introduction of the original notes. *Thornton* v. *Alliston,* 12 S. & M. 124; *Morgan* v. *Burrow,* 16 So. 432; *Thompson* v. *First National Bank,* 37 So. 645; *Beckman* v. *Pacific Railway Co.,* 12 So. 956.

*W. S. Welch,* for appellee.

The plea conforms to the requirement of section 1634, Hemingway's Code. The effect of the plea was to require the plaintiff to prove the signature of the defendant. The acceptances were offered in evidence by the plaintiff without this proof (record page 34) and objection was made and sustained. There was no exception to the ruling of the court by the plaintiff.

Any supposed fault in the plea was waived by the appellant by (a) failure to urge the objection at the proper time, (b) proceeding to trial. See "pleading," 31 Cyc. 717. In the case of *Grubbs et al.* v. *Collins et al.,* 54 Miss. 485, it was held that a plaintiff who goes to trial without a rejoinder to his replication cannot object to a verdict against him on that ground. At any rate the error, if any, was cured by verdict under our Statute of Jeofails. *Barnes* v. *Reynolds,* 4 H. 114; *Henry* v. *Hoover,* 6 S. & M. 417; *Canton Female Academy* v. *Gilman,* 55 Miss. 148.

Much of what is said in brief of opposing counsel was legitimate argument before the jury, but the jury decided the question of fact in favor of the appellee. I do not think it is remarkable that the witness admitted the signature looked like his own. Forgeries usually are intend-

ed to make the false and spurious resemble the genuine. There was only one issue involved in this case and that was as to the signature of the defendant on the acceptances. The case was submitted to the jury on this sole issue and counsel is making to this court the argument that was not persuasive, or at any rate not controlling with the jury.

Etheridge, J., delivered the opinion of the court.

. The appellant, Shank & Co., sued the appellee on certain acceptances payable to the order of the Commercial Jewelry Company and assigned by that company to the appellant.     The acceptances were drafts drawn to the order of the Commercial Jewelry Company two and four months after their date, and were dated December 16, 1921. The appellant filed suit on these acceptances in the justice court, and there was a judgment in that court for the defendant, from which an appeal is taken to the circuit court.     In the circuit court the defendant Geiger, filed a plea of *non est factum* in the following words:

"Comes the defendant and says that he did not sign the acceptances sued upon and did not authorize any one to sign the same for him and that the same are not his act and deed and of this he puts himself upon the country."

Plaintiff proceeded to trial without applying for a continuance or making a showing of surprise and without making any further application or taking any step to defer the trial of the cause.     The attorney for the appellant testified on the trial of the cause that he brought suit in the justice court and appeared at the trial representing the appellant, and that the defendant, Geiger, appeared at the same time and place, and on the trial of the case these two original notes were introduced in evidence on the part of the plaintiff and that the question was asked Geiger, the defendant, "Is that your signature?" and his answer was, "Yes."     He also placed Geiger on the witness stand as an adverse witness and asked him the question:

"Is that or not your signature there? A. It favors my signature, but it is not, because I did not sign no notes. Q. You mean to say you did not write that? A. No; I did not sign any notes. Q. How about that note? A. I did not sign it—did not sign no note at all. Q. You remember me asking you on the 1st day of July, 1922, if that was your note and you said, 'That is my signature?' A. I said it favored my signature. Q. You said it was? A. No, sir; I said it favored my signature. Mr. Chandler asked me if that was my signature, and I said it favored it, but I did not sign no note."

There was a verdict in the circuit court for the defendant, and thereafter the attorney for the appellant wrote to the jewelry company for any correspondence which it had with the defendant with reference to such acceptances and obtained from the jewelry company a letter addressed to the jewelry company and signed by the defendant, reading as follows:

"As my note will be due on the 16th of February, I have been closed up for the last two weeks on account of sickness, and I have only sold fifteen dollars and thirty cents worth of goods. The purses and rings sell very well but there are no sales for the rest of the goods. And as I am now thinking of going out of business I will have to return the balance of the goods and settle for what have been sold."

On receipt of this letter the attorney filed a motion for a new trial on the ground, among others, of newly discovered evidence, claiming that he had no knowledge of such letter at the time of the trial. The motion for a new trial was overruled.

It is first contended that the plea of *non est factum* is insufficient because it does not deny that the instrument sued on was delivered to the Commercial Jewelry Company, and that it is not sufficient merely to deny the signature. We think the plea is sufficient to show a denial of both the signature and the delivery.

It is alleged that the instrument sued on was not signed by the defendant nor any one authorized to sign for him, and that it was not his act and deed. This plea being properly sworn to placed the burden upon the plaintiff to prove the execution of the note. We think the contention that the letter was newly discovered evidence in the legal sense and that a new trial ought to have been granted for that reason is without merit because the plaintiff knew the acceptances were taken by and payable to the jewelry company, and if he desired to know any facts bearing on the execution of the note, that was the proper place to have made inquiry and to have learned whatever facts to be obtained by such inquiry. A party must not only not know of a fact at the time of the trial, but he must show also that he could not have learned the fact by the exercise of reasonable diligence. The plaintiff made no inquiry and was contented to submit the issue on the testimony of his attorney and the defendant, and must abide the result of that decision.

We find no reversible error, and the judgment is affirmed.

*Affirmed.*